OPINION
Defendant Kenneth A. Kapalko appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, which overruled appellant's motion to dismiss the charge of driving under the influence in violation of R.C. 4511.19. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISMISS AS THE ACCEPTANCE OF A REINSTATEMENT FEE BY THE STATE OF OHIO PRIOR TO THE ADJUDICATION OF THE UNDERLYING CHARGE VIOLATES THE DOUBLE JEOPARDY CLAUSE OF FIFTH AMENDMENT OF THE U.S. CONSTITUTION AS WELL AS ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
The record indicates appellant was cited for driving under the influence and with a prohibited concentration of alcohol on his breath, and driving infractions. Appellant was placed under an immediate administrative license suspension, and the Bureau of Motor Vehicles required appellant to pay $280.00 as a reinstatement fee to obtain his driver's license. Appellant paid the fee and moved to dismiss the pending charges against him, arguing to require him to pay a reinstatement fee prior to trial constitutes a fine designed to punish the appellant in addition to the penalties imposed upon conviction.
In State v. Gustafson (1996), 76 Ohio St.3d 425, the Ohio Supreme Court rejected an argument the double jeopardy clauses of the Fifth Amendment of the United States Constitution, and Section X, Article I, of the Ohio Constitution preclude a criminal prosecution for driving under the influence subsequent to the imposition of the administrative license suspension.
On the authority of Gustafson, supra, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.